Dear Mr. Jones:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is it a violation of the dual office holding prohibition as provided in 51 O.S.Supp. 2007, § 6[51-6], for a fire chief of a municipality to also serve as the city manager or mayor of the same municipality?
 2. Notwithstanding the provisions of 11 O.S.Supp. 2007, § 10-112[11-10-112], in light of subsection 2 of 11 O.S. 2001, § 10-113[11-10-113], is it an impermissible conflict of interest for a fire chief of a municipality to also serve as the city manager of the same municipality?
 3. Is it a violation of 11 O.S. 2001, § 29-102[11-29-102], regarding the requirement for all cities having a paid fire department to have one full-time fire chief, for a fire chief of a municipality to also serve as the city manager of the same municipality?
 4. Are municipal charter provisions and ordinances enacted by a home-rule city allowing a fire chief of a municipality to also serve as the city manager void because of conflict with the above four referenced statutes? *Page 2 
 BACKGROUND
Your questions involve several different but related topics, including Oklahoma's statutory prohibition against dual office holding, provisions dealing with fire chiefs and various municipal positions including city managers and mayors, as well as municipal charter provisions and ordinances enacted by home-rule cities dealing with fire chiefs and city managers. Generally, your questions deal with whether a fire chief may lawfully serve in other capacities within municipal government.
Oklahoma recognizes five different statutory forms of municipal government. In Title 11 of the Oklahoma Statutes, the first four types are governed entirely by statutory provisions, and a fifth type is governed, at least in part, by terms of the municipal charter. These forms of municipal government are as follows:
 1. Statutory aldermanic form of city government (11 O.S. 2001, §§ 9-101[11-9-101] — 9-118);
 2. Statutory council-manager form of city government (11 O.S. 2001 Supp. 2007, §§ 10-101 — 10-121);
 3. Statutory strong-mayor-council form of city government (11 O.S. 2001, §§ 11-101[11-11-101] — 11-125),
 4. Statutory town board of trustees (11 O.S. 2001, §§ 12-101[11-12-101] — 12-114), and
 5. Municipal charter form of government (11 O.S. 2001 Supp. 2007, §§ 13-101 — 13-115).
The fifth form of municipal government, the "home rule" or charter form of government, will be addressed in our response to your fourth question. Articles Nine through Twelve of Title 11 of the Oklahoma Statutes outline specific provisions addressed respectively to the four different types of statutory municipal governments and will be discussed in the following sections.
 I. OKLAHOMA'S PROHIBITIONS AGAINST DUAL OFFICE HOLDING
A. City Manager and Fire Chief
You first ask whether it is a violation of the prohibition against dual office holding for a person to serve as a fire chief of a municipality and also serve as the city manager or mayor of the same municipality. We will address the city manager and fire chief portion of the question first.
We begin by noting 51 O.S.Supp. 2007, § 6[51-6], known as the dual office holding prohibition, prohibits state officers and deputies from holding other state offices or being the deputy of any other state office. That statute in pertinent part provides: *Page 3 
 A. Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office shall, during the person's term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state.
Id. (emphasis added).
The Legislature codified 27 specific exceptions to the dual office holding prohibition, none of which apply here. See id. The dual office holding statute cited above notes that it controls "[e]xcept as may be otherwise provided." Id.
Relevant language in Article 10 of the Municipal Code deals specifically with city managers and provides exceptions to dual office holding prohibitions. Since sections of the Municipal Code in Title 11 provide exceptions, it is not necessary to determine for purposes of this Opinion whether the positions of fire chief and city manager are "offices" under the dual office holding prohibition of Title 51.
Title 11 O.S.Supp. 2007, § 10-112[11-10-112], is relevant to your inquiry because it allows the city manager to be appointed to other offices and positions in city government, and unlike 51 O.S.Supp. 2007, § 6[51-6], the municipal statutes do not treat offices and positions differently. Section 10-112 states in relevant part as follows:
 City managers may appoint themselves, or the council or other authority may appoint or elect the city manager, to other offices and positions in the city government, subject to regulations prescribed by ordinance; but the city manager may not receive compensation for service in such other offices or positions.
Id. (emphasis added).
Under Section 10-112, a city manager may be appointed to other offices and positions in the city government as prescribed by ordinance. Therefore, under a statutory council-manager form of city government, the municipal council may set forth in ordinances what other offices and positions in city government a city manager may have, and whether such practice is allowable.
B. Mayor and Fire Chief
As used in the Oklahoma Municipal Code:
 4. "Mayor" means the official head of the municipal government as defined by applicable law or charter provision. The mayor is the presiding officer of the governing body in all statutory forms of municipal government, and is the chief executive officer in cities having the statutory aldermanic and statutory strong-mayor-council forms of city government[.] *Page 4 
11 O.S. 2001, § 1-102[11-1-102]. We must examine separately, under Articles 9, 11, and 12 of Title 11, the laws on statutory forms of government to determine whether the same person may serve as fire chief and mayor.
Under Article 9 of the Municipal Code (the statutory aldermanic form), 11 O.S. 2001, § 9-108[11-9-108] allows the city council to create or change offices and assign additional functions and duties to offices, which would allow the same person to have the duties of both the fire chief and mayor. That section provides in relevant part:
 [T]he city council may:
 . . . .
 4. Create, change and abolish offices, departments and agencies other than those established by law; assign additional functions and duties to offices, departments and agencies established by this article; and define the duties, powers and privileges of all officers which are not defined by this article.
Id.
Under Article 11 of the Municipal Code (the strong-mayor-council form), 11 O.S. 2001, § 11-107[11-11-107] contains powers for the mayor that are similar to the city manager form of government under Article 10 of Title 11, and allows the mayor to appoint himself or herself to other offices and positions in city government, subject to regulations of the city council. That section states in relevant part:
 The mayor may appoint himself, or the council or other authority may elect or appoint him, to other offices and positions in the city government, subject to regulations as the council may prescribe[.]
Id.
Under Article 12 of the Municipal Code (the town board of trustees form), 11 O.S. 2001, § 12-104[11-12-104] directs the board of trustees to elect a mayor from among its members. Under 11 O.S. 2001, § 12-112[11-12-112], the town board of trustees may combine by ordinance any offices of town government as it deems necessary and convenient, which would allow combining the mayor and fire chief's positions. That section states in relevant part:
 In the town board of trustees form of government, there shall be such administrative departments, officers, and agencies as the board may establish. The board may combine, merge, or consolidate by ordinance any of the various offices of town government as it deems necessary and convenient for the administration of the affairs or government of the town.
Id. *Page 5 
Therefore, it is not a per se violation of the dual office holding prohibition for a fire chief of a municipality to also serve as the city manager or mayor of the same municipality. Under the first four statutory forms of government, the municipal council may set forth in ordinances what other offices and positions in city government a fire chief, city manager and mayor may have, and whether the same person serving as fire chief and city manager or mayor is permissible.
 II. CONFLICT OF INTEREST: FIRE CHIEF AND CITY MANAGER
You next ask whether, notwithstanding the provisions of 11 O.S.Supp. 2007, § 10-112[11-10-112] and in light of subsection 2 of 11 O.S. 2001, § 10-113[11-10-113], an impermissible conflict of interest exists for a fire chief of a municipality to also serve as the city manager of the same municipality. Under a council-city manager form of government and 11 O.S. 2001, § 10-113[11-10-113], a city manager is appointed by the council and the duties of a city manager are fixed by statute. See id.; 11 O.S.Supp. 2007, § 10-112[11-10-112]. Specifically, you ask about the language that a city manager shall "[s]upervise and control all administrative departments, officers and agencies" and whether an impermissible conflict of interest exists for a fire chief of a municipality to also serve as the city manager of the same municipality. 11 O.S. 2001, § 10-113[11-10-113](2).
We compare Sections 10-113(2) and 10-112 to examine the city manager's powers and duties. The city manager's power to supervise and control all administrative departments, officers and agencies does not appear to conflict with his or her role as fire chief, since the city manager supervises all departments, including but not limited to the fire department. But municipal councils may set forth in ordinances what other offices and positions in city government a fire chief, city manager and mayor may have, and whether allowing the same person to serve as fire chief and city manager or mayor creates a conflict of interest is a question of fact that is outside the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). We cannot conclude that there is a per se conflict of interest.
 III. FULL-TIME FIRE CHIEF
As alluded to in your third question, 11 O.S. 2001, § 29-102[11-29-102] requires all cities with paid fire departments to have a full-time fire chief. You ask whether allowing a fire chief to also serve as city manager is a violation of that statute. Section 29-102 also contains other limitations upon that requirement. Section 29-102 states in relevant part:
 All cities having a paid fire department shall have one full-time fire chief whose primary duty shall be the administration of the fire department in accordance with the policies and procedures prescribed by the governing body or by the city manager. The fire department shall be under the direction and control of the fire chief who shall not serve as fire chief and police chief. The chief of any paid municipal fire department shall have had at least three (3) years' actual experience as a paid fire fighter.
Id. (emphasis added). *Page 6 
Under this section there must be a full-time fire chief whose primary
duty is the administration of the fire department. The Oklahoma Legislature must have recognized that the fire chief position did not have to be exclusively dedicated to fire chief duties, because of the inclusion of language about serving as fire and police chief, but the fire chief had to be duly qualified with actual experience as a paid fire fighter. By the plain language of Section 29-102, the Legislature anticipated that some other duties could be assumed by the person holding that position, since it also included language about the police chief and determined that the same person could not serve as fire chief and police chief.
Under the four statutory forms of government, Article 9, 10, 11 and 12 of Title 11, the municipal council may set forth in ordinances what other offices and positions in city government a city manager may hold, and whether allowing the same person to serve as fire chief and city manager is within the powers and duties of the municipal council. "When a statute or city law is susceptible to more than one construction, it must be given that interpretation which frees it from constitutional doubt rather than one that would make it fraught with fundamental-law infirmities." Simpson v. Dixon, 853 P.2d 176, 183 (Okla. 1993). Instead of saying primary duty of the fire chief, the Legislature could have chosen to require that the full-time fire chief's only duties shall be the administration of the fire department. Since the Legislature did not use the latter term, we will attach an interpretation that frees the statute from constitutional doubt.
Whether a particular situation where a fire chief also serves as a city manager would violate 11 O.S. 2001, § 29-102[11-29-102], depends upon the contents of municipal ordinances on the duties of these offices passed by the city council, and is a question of fact that is outside the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 IV. "HOME RULE" OR CHARTER PROVISIONS
In your fourth question, you ask whether municipal charter provisions and ordinances enacted by a home-rule city that allow a fire chief of a municipality to also serve as the city manager are void because of conflict with the above four referenced statutes (51 O.S.Supp. 2007 § 6[51-6]; 11 O.S. 2001 Supp. 2007, §§ 10-112, 10-113, 29-102).
A city with "more than two thousand inhabitants may frame a charter for its own government, consistent with and subject to the Constitution and laws of this State." OKLA. CONST. art. XVIII, § 3(a). Provisions of such a charter "not inconsistent with the Constitution supersede state statutes pertaining to municipal affairs and become the superior law in matters pertaining to purely municipal matters." Okla. Journal Publ'gCo. v. City of Oklahoma City, 620 P.2d 452, 453 (Okla.Civ.App. 1979).
Since a charter municipality "draws its legal vitality from Article 18 § 3(a), Okl. Const., and from the implementing Code provisions, [11 O.S. 1981,] § 13-101, the charter has the force of the City's fundamental law. Under the `home-rule' doctrine, a city charter supersedes conflicting state law on matters *Page 7 
of purely municipal concern." State ex rel. Trimble v. City of Moore,818 P.2d 889, 898 (Okla. 1991) (footnotes omitted). Municipal ordinances on the duties of the municipality's offices are of purely municipal concern pursuant to a charter. Thus, the statutes referred to in the first paragraphs above do not apply.
It is within the contemplation of city ordinances pursuant to the municipal charter for a city manager to also serve as a fire chief. Thus, we will give these laws the interpretation which frees them from constitutional doubt, and conclude municipal charter provisions and ordinances enacted by a home-rule city that allow a fire chief of a municipality to also serve as the city manager are not void.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. It is not a per se violation of the dual office holding prohibition of 51 O.S.Supp. 2007, § 6[51-6], for a fire chief of a municipality to also serve as the city manager or mayor of the same municipality. Under the four statutory forms of government, Article 9, 10, 11 and 12 of Title 11 (11 O.S. 2001 Supp. 2007, §§ 9-108, 10-112, 11-107, 12-112), the municipal council may set forth in ordinances what other offices and positions in municipal government a fire chief, city manager and mayor may hold and whether to allow the same person to serve as fire chief and city manager or mayor.
 2. Comparing subsection 2 of 11 O.S. 2001, § 10-113[ 11-10-113] and 11 O.S.Supp. 2007, § 10-112[11-10-112], which set out the city manager's powers and duties, we do not find that a per se conflict of interest exists because a fire chief also serves as a city manager, where the city manager has the supervision of all administrative department, officers and agencies, including but not limited to the fire department. However, whether a particular situation where a fire chief who also serves as a city manager would create a conflict of interest would depend upon the municipal ordinances passed by the city council on the duties of these offices, and is a question of fact that is outside the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 3. Whether a particular situation where a fire chief also serves as a city manager would violate 11 O.S. 2001, § 29-102[11-29-102] depends upon the contents of municipal ordinances passed by the city council on the duties of these two offices, and is a question of fact that is outside the scope of an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 4. Municipal charter provisions and ordinances enacted by a home-rule city that allow a fire chief of a municipality to also serve as the city manager do not per se violate Article XVIII, Section 3(a), of the Oklahoma Constitution, 51 O.S.Supp. 2007, § 6[51-6], or 11 O.S. 2001 Supp. 2007, §§ 10-112, 10-113, 29-102, and are not void.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL